**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**Case No. 17-cv-61752-BLOOM/Valle**

CYNTHIA SCHWARTZ,

    Petitioner,

v.

JULIE L. JONES, Secretary,
Florida Department of Corrections,

    Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report and Recommendations of the Honorable Alicia O. Valle. ECF No. [25] ("Report"). On December 18, 2019, Judge Valle issued the Report recommending that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, ECF No. [1] ("Petition"), be denied on the merits. ECF No. [25] at 17. The Report advised that any objections to the findings contained therein were due within fourteen days of receipt of the Report. *Id.*

Petitioner Cynthia Schwartz ("Petitioner") has timely filed objections to the Report. ECF No. [26] ("Objections"). This Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and the remainder of the Report for clear error, and finds that the Objections are without merit and are therefore overruled. *Taylor v. Cardiovascular Specialists, P.C.*, 4 F. Supp. 3d 1374, 1377 (N.D. Ga. 2014) (citing *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983)).

The Court first notes that the majority of Petitioner's Objections are improper, as they are either further expansions of arguments originally raised in the Petition and considered by the Magistrate Judge or are merely disagreements with the Report's findings.[1] Upon review, these objections merely expand upon and reframe arguments already made and considered by the Magistrate Judge in her Report, or simply disagree with the Report's conclusions. "It is improper for an objecting party to . . . submit [] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a [Report and Recommendations]." *Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)).

Moreover, on the merits, Petitioner first objects to Judge Valle's analysis of her first claim — i.e., that her plea was not knowingly, intelligently, and voluntarily entered into due to the misadvice of trial counsel — under *Strickland*'s[2] ineffective assistance of counsel analysis, rather than under a Fifth Amendment Due Process analysis. ECF No. [26] at 3. As the United States Supreme Court has explained, "[t]he longstanding test for determining the validity of a guilty plea is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)). "Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea

---

[1] Specifically, Petitioner begins her Objections by noting that, "[f]or the reasons set forth in the petition, as well as the petitioner's reply, both which [sic] are incorporated by reference and adopted herein, as well as the objections presented herein, the petitioner objects to the magistrate's findings . . ." ECF No. [26] at 2 (citations omitted).
[2] *Strickland v. Washington*, 466 U.S. 668 (1984).

depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.'" *Id.* (quoting *McMann v. Richardson*, 397 U.S. 759, 771 (1970)). Thus, the Supreme Court has made clear that "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.'" *Id.* at 56-57 (quoting *Tollett v. Henderson*, 411 U.S. 258, 267 (1973)) (citing *McMann v. Richardson*, 397 U.S. 759, 771 (1970)); *see id.* at 57 (The Court's "concern in *McMann v. Richardson* with the quality of counsel's performance in advising a defendant whether to plead guilty stemmed from the more general principle that all 'defendants facing felony charges are entitled to the effective assistance of competent counsel.'" (quoting *McMann*, 397 U.S., at 771 & n.14)); *Stano v. Dugger*, 921 F.2d 1125, 1149 (11th Cir. 1991) ("A guilty plea is open to attack on the ground that counsel did not provide the defendant with reasonably competent advice. The Supreme Court has held that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." (citations and internal quotations omitted)). Accordingly, in addressing a challenge to the voluntariness of a plea based on the improper advice of counsel, federal courts apply the two-part test under *Stickland/Hill* for the ineffective assistance of counsel. Therefore, Judge Valle conducted the proper analysis of Petitioner's claims regarding the knowing, voluntary, and intelligent nature of her plea based on the misadvice of counsel. As such, Petitioner's objection to the Report's analysis of her claims in Ground One is overruled.

Likewise, Petitioner objects to Judge Valle's recommendation that *Lee*[3] was distinguishable from and inapplicable to Petitioner's claims in Grounds 2, 3, and 4 because: (1) in *Lee*, the misadvice pertained to deportation, a matter of "paramount importance"; (2) *Lee* placed a

---

[3] *Lee v. United States*, 137 S. Ct. 1958 (2017).

heightened subjective importance upon which the Supreme Court determined that it was not irrational to proceed to trial; and (3) *Lee* did not change the existing Supreme Court precedent under *Strickland*/*Hill* for evaluating ineffective assistance of counsel claims involving allegedly involuntary pleas.

As noted above, in *Hill*, the Supreme Court held "that the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel." 474 U.S. at 58. With regard to the first prong of *Strickland*, "a defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel'" fell below an objective standard of reasonableness. *Id.* at 56-57 (quoting *Tollett*, 411 U.S. at 267) (citing *McMann*, 397 U.S. at 771). The "prejudice" prong, on the other hand, "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. "In other words, in order to satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* As the Court in *Hill* explicitly noted, however, "to allege the kind of 'prejudice' necessary to satisfy the second half of the *Strickland v. Washington* test," a defendant must allege some "special circumstances that might support the conclusion that [they] placed particular emphasis on [the incorrect advice] in deciding whether or not to plead guilty." *Id.* at 60.

In *Lee*, the Supreme Court further elaborated that, for the "prejudice" inquiry on a challenge to a guilty plea, courts should "consider whether the defendant was prejudiced by the 'denial of the entire judicial proceeding . . . to which he had a right.'" 137 S. Ct. at 1965 (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 483 (2000)). Distinguishing the absence of "special circumstances" in *Hill* that would indicate a particular emphasis the defendant placed on counsel's misadvice, the

Court in *Lee* recognized "the paramount importance Lee placed on avoiding deportation," and concluded that the "particularly severe penalty" of deportation was sufficient to "[s]urmount[] *Strickland*'s high bar." *Id.* at 1966, 1967-68 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 365, 371 (2010)); *see Stano*, 921 F.2d at 1150-51 ("The Supreme Court has given finality to guilty pleas by precluding claims of constitutional deprivations occurring prior to entry of the plea. The Court allows only challenges to the voluntary and intelligent entry of the plea *if a convicted defendant can prove 'serious derelictions' in his counsel's advice regarding the plea*." (emphasis added) (citations omitted) (citing *McMann*, 397 U.S. at 774; *Tollett*, 411 U.S. at 267; *Hill*, 474 U.S. at 56)). Upon review of the Report's reasoning, the Court concludes that Judge Valle applied the correct standard for evaluating ineffective-assistance-of-counsel challenges to guilty pleas.

Petitioner also objects to Judge Valle's ultimate recommendation that she has failed to satisfy the "prejudice" requirement under *Strickland*, as described in *Lee*. In particular, Petitioner takes issue with the Report's allegedly improper focus on the ultimate outcome, rather than the effect of the misadvice on Petitioner's decision-making process. However, the Supreme Court in *Hill* made it clear that, "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial," and may require predictions regarding the ultimate outcome at trial. 474 U.S. at 59. "As [the Court] explained in *Strickland v. Washington*, these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncrasies of the particular decisionmaker.'" *Hill*, 474 U.S. at 59-60 (quoting *Strickland*, 466 U.S. at 695). Thus, any objections regarding this line of reasoning are without merit. Nevertheless, the Court concludes that any alleged error does not rise to the level of an unreasonable application of clearly established federal law sufficient to warrant habeas relief here. *See Harrington v.*

*Richter*, 562 U.S. 86, 101 (2011) ("A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."); *Alexander v. Jones*, No. 16-14316-CIV, 2017 WL 11471770, at *8 (S.D. Fla. Nov. 29, 2017) (noting that "an unreasonable application of federal law is different from an incorrect application of federal law" (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000))), *report and recommendation adopted*, No. 2:16-cv-14316, 2018 WL 10096456, at *1 (S.D. Fla. Jan. 4, 2018). Accordingly, Petitioners objections to the Report's recommendations on Grounds 2, 3, and 4 are overruled.

Petitioner further objects to the Report's conclusion that she failed to demonstrate the existence of any factual disputes that would warrant an evidentiary hearing. ECF No. [39] at 51-52. This is an objection to the Report's ultimate conclusion. Petitioner has failed to identify any factual dispute in existence. Thus, the objection is improper and must be overruled.

Lastly, Petitioner objects to the Magistrate Judge's failure to rule upon Petitioner's entitlement to a certificate of appealability. *Id.* at 52-53. Nonetheless, because the Court agrees with Judge Valle's analysis and conclusions, and further determines that all of Petitioner's objections are without merit, the Court concludes that a certificate of appealability should not be issued here. Therefore, Petitioner's final objection is, therefore, also overruled.

The Court has conducted a *de novo* review of Judge Valle's Report, the record, and the applicable law, and is otherwise fully advised. *See Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009) (citing 28 U.S.C. § 636(b)(1)). Upon review of the record and the Report, the Court finds Judge Valle's Report to be well reasoned and correct. The Court agrees with the analysis in Judge Valle's Report and concludes that the instant Petition must be dismissed for the reasons

explained therein. The Court further concludes that an evidentiary hearing is not necessary to resolve the Petitioner's constitutional claims.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Judge Valle's Report and Recommendations, **ECF No. [25]**, is **ADOPTED**.

2. Petitioner's Objections, **ECF No. [26]**, are **OVERRULED**.

3. The Petition for Habeas Corpus Relief, **ECF No. [1]**, is **DENIED**. No Certificate of Appealability shall be issued.

4. To the extent not otherwise disposed of, any scheduled hearings are **CANCELED**, all pending motions are **DENIED** as moot, and all deadlines are **TERMINATED**.

5. The Clerk of Court is directed to **CLOSE** this case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 24, 2020.

_____
**BETH BLOOM
UNITED STATES DISTRICT JUDGE**

Copies to:

The Honorable Alicia O. Valle

Counsel of Record